UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALYSANDRA FEWQUAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00870-SRC |
| | ) |
| KANSAS CITY, MO OCR DISTRICT OFFICE, | ) |
| | ) |
| Defendant. | ) |

## Memorandum and Order

This matter comes before the Court on self-represented plaintiff AlySandra FewQuay's "Motion for Leave of the Court to Add Parties & Add More Facts & Law." Doc. 6. Having reviewed the motion, the Court denies the request as moot and directs FewQuay to file an amended complaint according to the instructions stated below. FewQuay has also filed a Motion to Appoint Counsel, Doc. 3, which the Court denies without prejudice.

**I.    Background**

On July 7, 2023, FewQuay sued "Kansas City, MO OCR District Office, U.S. Dept. of Ed." Doc. 1 at p. 1. She also filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel. Docs. 2, 3. The Complaint alleged that FewQuay was a former public-school student who had complained to the school principal and counselor about race-based bullying and harassment by a white student. Doc. 1-1 at p. 1. The School District determined the grievance unfounded and suspended FewQuay for engaging in a verbal confrontation with the alleged bully. *Id.* The Complaint claimed Kansas City denied FewQuay a due process hearing. *Id.* For relief, Ms. FewQuay sought "the Court to vacate and set . . . aside [Kansas

City's] Dismissal Letter" and requested an undisclosed sum of monetary damages. Doc. 1 at p. 6; Doc. 1-1 at p. 3.

Notably, in the 'Certification and Closing' section of the form complaint, Fewquay's father, George FewQuay, signed the Complaint as follows: "Brother George FewQuay c/o AlySandra FewQuay, my daughter / father." *Id.* at 6. Similarly, the signature lines for the motion to proceed *in forma pauperis* and motion for appointment of counsel contained the notation: "Brother George FewQuay For: AlySandra FewQuay – Former Student." Docs. 2–3.

On July 21, 2023, the Court granted the motion to proceed *in forma pauperis* and reviewed the complaint pursuant to 28 U.S.C. § 1915. Doc. 5. at p. 6. The Court noted that it appeared Mr. FewQuay was inappropriately attempting to bring this case on behalf of his daughter, Ms. FewQuay. *Id.* at pp. 4–5. Although the Complaint's statement of facts does not provide Ms. FewQuay's age, *see* Docs. 1, 1-1, the supporting documents evidence her legal status as an adult, not a minor child, Doc. 1-6. The Court explained that non-attorney parents cannot litigate claims on behalf of their adult children. Doc. 5 at p. 4; *see* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"). As such, the Court directed Ms. FewQuay to either file an amended complaint with her signature alone or inform the Court in writing that she is a minor-child requiring appointment of counsel. Doc. 5 at p. 6.

**II.    Motion for Leave to Add Parties, Facts, and Law**

After the Court directed her to either file an amended complaint or inform the Court that she is a minor-child, Ms. FewQuay filed her Motion for Leave of the Court to Add Parties & Add More Facts & Law. Doc. 6. The motion asks the Court to permit the amendment of the complaint as follows: (1) add Ms. FewQuay's father, Brother George FewQuay, as a "co-

2

plaintiff" because he "[h]as an interest in the present cause of action . . . in telling his child's victim story [sic] to the Court," (2) add defendant Fort Zumwalt School District R-11 as a second defendant with facts to support liability; and (3) include a request for punitive damages. *Id.* at pp. 1–2.

Ms. FewQuay attached a proposed amended complaint to the motion, drafted on both the Court's 'Civil Complaint' form and a five-page supplement, followed by thirty pages of exhibits. Doc. 6-1.  The form complaint lists Ms. FewQuay and Mr. FewQuay as plaintiffs, and the U.S. Department of Education Office for Civil Rights and Fort Zumwalt School District R-11 as defendants.  Doc. 6-1 at pp. 1, 7.  The statement of claim section states: "see 5 pages attached pleading/complaint w[ith] 30 evidentiary exhibits." *Id.* at 5.  The damages section states "[n]o relief or no damages for co-plaintiff #2 [Mr. FewQuay]" and "[g]eneral damages for 1st plaintiff [Ms. FewQuay] starting at $10,000" and punitive damages. *Id.* at p. 6.

## III. Discussion

### A. Motion for Leave to File Amended Complaint

Ms. FewQuay's Motion for Leave to Amend the Complaint is moot for two reasons. First, a party has the right to amend the complaint once any time before a defendant serves a responsive pleading. *See* Fed. R. Civ. P. 15.  Defendant has not filed a responsive pleading in this case.  Thus, Ms. FewQuay may, without permission of the Court, file an amended complaint adding, removing, or substituting any defendants and/or claims.  Second, the motion is moot because the Court orders Ms. FewQuay to amend her Complaint to comply with the Local Rules and Federal Rules of Civil Procedure.  All parties—including self-represented plaintiffs—must follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).  Any amended complaint will replace the original

complaint. *See e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

"All filings, unless otherwise permitted by leave of Court, shall be in 12-point or larger font, double spaced, typed or legibly written on 8 ½ by 11-inch pages . . . ." E.D. Mo. L.R. 2.01(A)(1). Ms. FewQuay's use of a marker to fill out the civil complaint form, harms its legibility. *See* Doc. 6-1 at pp. 1–6 (presenting Ms. FewQuay's proposed amended complaint). Further, Ms. FewQuay's use of a bold and underlined font in single-spaced paragraphs in her proposed amended complaint harms its legibility. *See id.* at pp. 9–11. It is important that the Court and defendants can clearly read plaintiff's allegations and requests for relief.

Ms. FewQuay must submit the amended complaint on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). She must also state the basis for jurisdiction and essential facts of her claim within the form complaint. *See* Doc. 1 at p. 5 (The civil-complaint form requires plaintiffs to provide "a short and plain statement of the FACTS that support [their] claim(s)."). Instead of completing this section of the form, Ms. FewQuay has written only "See Attached Pleading/Complaint." *Id.* This reference to Ms. FewQuay's attached supplement does not satisfy the Local Rules' requirement that pro se parties must file on Court-provided forms. *See* E.D. Mo. L.R. 2.06(A). If Ms. FewQuay needs additional space to state the facts of her case, she may attach pages, but she does not need to draft a second complaint. Moreover, as the Court-form instructs, plaintiffs must not make legal arguments, or cite court cases or statutes.

Plaintiff must comply with Rules 8 and 10 of Federal Rules of Civil Procedure. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. "Such a statement

4

must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Rule 10 requires plaintiffs to state their claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  Ms. FewQuay must not include any introductory paragraphs or facts not related to the specific claim against a defendant.  Ms. FewQuay must avoid naming anyone as a defendant unless that person or entity directly relates to a claim.

      Finally, the Court notes that although Ms. FewQuay may wish her father join as a co-plaintiff, federal jurisdiction requires a plaintiff to have standing to bring the action in federal court.  In order to meet Article III's standing requirement, a plaintiff must show (1) that he suffered an "injury-in-fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the challenged action of the defendant; and (3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000); *Park v. Forest Service of the United States*, 205 F.3d 1034, 1037 (8th Cir. 2000).

      While the Court sympathizes with a father's desire to advocate for his daughter and notes that he was able to file a complaint on her behalf with the U.S. Department of Education's OCR, the requirement for standing, including an injury-in-fact, is non-negotiable in federal court.  Here, plaintiff admits in her signed proposed amended complaint that her father has "no relief or no damages."  Doc. 6-1 at p. 6.  As such, it appears that George FewQuay does not meet the requirements to be a plaintiff in this action.  If Ms. FewQuay fails to file an amended complaint

on a Court-provided form in accordance with the instructions in in this order within 30 days, the Court may dismiss this action without prejudice and without further notice to plaintiff.

### B.      Motion for Appointment of Counsel

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds no need to appoint counsel at this time. Ms. FewQuay has confirmed, in writing, that she is not a minor child. *See* Doc. 6 at p. 1 (stating that, at the time of the alleged bullying incident, Ms. FewQuay was 18 years old).  Additionally, this case appears to involve straightforward factual and legal issues, and the Court finds no indication that Ms. FewQuay cannot investigate the facts and present her claims to the Court. Therefore, the Court denies her motion without prejudice, but will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

**III.     Conclusion**

Accordingly, the Court denies Ms. FewQuay's Motion for Leave to File Amended Complaint as moot.  Doc. 6.  The Clerk of Court must mail to Ms. FewQuay two blank Civil Complaint forms.  Ms. FewQuay may request additional forms as needed.  Ms. FewQuay must, [by 30 days from the date of this Order], file an amended complaint on the Court-provided form in accordance with the instructions stated above.  *See Supra* Section III.A.  The Court denies without prejudice Ms. FewQuay's Motion to Appoint Counsel.  Doc. 3

So Ordered this 26th day of September, 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE