**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALYSANDRA FEWQUAY,                              ) | |
|                                                 ) | |
|                   Plaintiff,                    ) | |
|                                                 ) | |
|             v.                                  ) | No. 4:23-cv-00870-SRC |
|                                                 ) | |
| KANSAS CITY, MO OCR DISTRICT                    ) | |
| OFFICE and FORT ZUMWALT R-II                    ) | |
| SCHOOL DISTRICT,                                ) | |
|                                                 ) | |
|                   Defendants.                   ) | |

**<u>Memorandum and Order</u>**

Four months ago, self-represented Plaintiff AlySandra FewQuay sued "Kansas City, MO OCR District Office."   Doc. 1 at 1.   Twice after, the Court ordered FewQuay to amend her Complaint—once in July and once in September.   Docs. 5, 10.   After the September order, FewQuay filed an amended complaint, an amended motion for leave to proceed in forma pauperis, and a second motion for appointment of counsel.   Docs. 11–13.   The Court denies the amended motion to proceed in forma pauperis as moot because the Court has already granted this request. *See* doc. 5.   The Court also denies FewQuay's second motion for appointment of counsel for the same reasons previously discussed.   *See* doc. 10 at 6.   Additionally, the Court provides FewQuay with 21 days to comply with the Court's September order, doc. 10, and again amend her Complaint.

The Court reviewed FewQuay's Complaint on September 26, 2023, and directed her "to amend her Complaint to comply with the Local Rules and Federal Rules of Civil Procedure." *Id.* at 3.  The Court explicitly instructed her to submit a filing that was "legibly written" and advised her that her "use of a marker to fill out the civil complaint form[] harms its legibility." *Id.* at 4.   Her statement of claim was also defective as drafted.   For these reasons, the Court ordered FewQuay to submit a new form complaint—which the Court provided to her—to cure her pleading deficiencies.   *Id.* at 4–5.

FewQuay filed her amended Complaint on October 3, 2023.   Upon review, the Court finds that it completely fails to comply with the Court's instructions.   FewQuay again used marker, wrote notations over the margins and text of the form complaint—making it partially illegible and disorganized—failed to clearly inform the Court of FewQuay's basis for jurisdiction, and failed to include a short and plain statement of the claim in separately numbered paragraphs.   Consequently, the Court will provide FewQuay one final opportunity to submit a complaint in compliance with the Court's Rules and the Federal Rules of Civil Procedure.

FewQuay must not amend or supplement the previously filed complaints by filing separate documents containing changes she wants made to certain parts.   Instead, FewQuay must file a single, comprehensive second-amended complaint that indicates the specific federal statute(s) or constitutional provision(s) her claims are based and a clear statement of the facts describing how she suffered the injuries giving rise to her damages.   She must comply with the specific instructions provided in the Court's September order.   *See* doc. 10.

FewQuay's self-represented status does not excuse her from her obligations to comply with this Court's Local Rules and directives.   *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) ("[Party's] status as a pro se litigant [does] not excuse her from following the local rules.").   Failure to comply with the Court's instructions or the Federal Rules of Civil Procedure may result in the dismissal of this action.   *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983) (noting that if a plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice).   Upon the filing of the second-amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Accordingly, the Court orders that the Clerk of Court must provide to FewQuay a copy of the Court's September order, doc. 10, and a blank Civil Complaint form.   Further, the Court orders FewQuay to file a second-amended complaint no later than December 6, 2023, in accordance with the instructions stated above and in the Court's September order.   *See* doc. 10.   Finally, the Court denies both FewQuay's [12] second motion for appointment of counsel and FewQuay's [13] amended motion for leave to proceed in forma pauperis as moot.   If FewQuay fails to timely comply with this Order, the Court may dismiss this action without prejudice and without further notice.

So ordered this 15th day of November 2023.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE